**BRENTON W. COLE (LA# 34907)**
**CARROLL WARREN & PARKER PLLC**
188 E. Capitol Street, Suite 1200 (39201)
Post Office Box 1005
Jackson, Mississippi  39215-1005
Telephone:     601.592.1010
Email: bcole@cwplaw.com

**Attorney for Plaintiffs Travelers Property**
**Casualty Company of America and St. Paul Fire**
**& Marine Insurance Company**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

Sec._____          Div._____

| | |
|---|---|
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND ST. PAUL FIRE & MARINE INSURANCE COMPANY** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Plaintiffs** | |
| **v.** | **Case No.** _____ |
| **BRIAN C. BOSSIER AND RICHARD L. OLIVIER AND ERIN H. BOYD AND TRACY C. ROTHARMEL AND BLUE WILLIAMS, LLP AND JOHN DOES 1 THROUGH 10** | |
| **Defendants** | |

Plaintiffs Travelers Property Casualty Company of America ("Travelers") and St. Paul Fire

& Marine Insurance Company ("St. Paul") file this Complaint and Demand for Jury Trial against

Brian C. Bossier, Richard L. Olivier, Erin H. Boyd, Tracy C. Rotharmel, Blue Williams, LLP, and

John Does 1 through 10 (collectively, "Defendants"), and would show unto the Court as follows:

## NATURE OF ACTION

Plaintiffs Travelers and St. Paul, individually and as subrogees of Empire Truck Sales of Louisiana, LLC and Curtis Wayne Hudspeth, seek damages from Defendants on the bases of legal malpractice and breach of contract regarding Defendants' representation of Travelers and St. Paul's Insureds, Empire Truck Sales of Louisiana, LLC and Curtis Wayne Hudspeth, in litigation before the Civil District Court for the Parish of Orleans.

## PARTIES

1.      Travelers is a business corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut.

2.      St. Paul is a business corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut.

3.      Defendant Brian C. Bossier ("Bossier") is a person of the full age of majority and a resident of the State of Louisiana.

4.      Defendant Richard L. Olivier ("Olivier") is a person of the full age of majority and a resident of the State of Louisiana.

5.      Defendant Erin H. Boyd ("Boyd") is a person of the full age of majority and a resident of the State of Louisiana.

6.      Defendant Tracy C. Rotharmel ("Rotharmel") is a person of the full age of majority and a resident of the State of Louisiana.

7.      Defendant Blue Williams, LLP ("Blue Williams") is a Louisiana Limited Liability Partnership, with its principal place of business in Metairie, Jefferson Parish, Louisiana, which is also the location where Defendants' acts and omissions occurred.

815962

8.      John Does 1 through 10 are individuals or entities believed to have engaged in wrongful conduct against Travelers and St. Paul or to be vicariously liable for such conduct whose correct identities are currently unknown.  All allegations and claims asserted herein against the Defendants are incorporated by reference against John Does 1 through 10.  Said John Does will be identified by name in this action as may become necessary pursuant to the Federal Rules of Civil Procedure upon Travelers and St. Paul learning of their true and correct identities.

## JURISDICTION

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10.     An actual controversy exists between the parties.

11.     This Court has personal jurisdiction over Defendants because all are citizens of the State of Louisiana.

## VENUE

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District and all Defendants reside in this District.

## FACTS AND PROCEDURAL HISTORY

### The Underlying Action

13.     On May 14, 2012, Connie Marable was struck by a commercial truck owned by her and her husband, Wayne Marable.  Mrs. Marable sustained physical injuries that resulted in medical expenses and the need for prolonged medical care.  The truck involved in the accident was previously serviced by Empire Truck Sales of Louisiana ("Empire") in Slidell, Louisiana.

3

Mr. Curtis Wayne Hudspeth ("Hudspeth") served as the manager of the Empire facility at the time of the service and the Marable accident.

14.     On November 9, 2012, Wayne Marable, individually and as Curator for Connie Marable filed suit against Empire and Hudspeth.  The suit sought recovery for damages suffered by Mr. and Mrs. Marable as a result of the accident.  The action was styled *Wayne Marable, Individually, and as Curator on behalf of Connie Marable v. Empire Truck Sales of Louisiana, LLC and Curtis Wayne Hudspeth*, Civil Action No. 2012-10523, Judicial District Court, Division I-14, Parish of Orleans, State of Louisiana (the "Marable suit").  This case was later consolidated with an action filed on behalf of Mrs. Marable's children, which was styled *William Jones and Engelique Jones v. Empire Truck Sales of Louisiana, LLC and Curtis Wayne Hudspeth*, Civil Action No. 2012-10471, Judicial District Court, Division I-14, Parish of Orleans, State of Louisiana.  For simplicity, plaintiffs in these suits are referred to as "Marables."

15.     Travelers and St. Paul provided garage liability insurance coverage to Empire and Hudspeth at the time of the Marable accident, and therefore retained defense counsel on behalf of their insureds.  Travelers and St. Paul paid all legal fees and costs associated with the defense of the suits and ultimately paid the full amount of the settlement for their insureds.

16.      Defendants were retained to defend Empire and Hudspeth.  They answered the petitions and engaged in defending the litigation.  Much of the litigation focused on expert discovery related to the cause of the accident and the nature and extent of long-term medical care required by Mrs. Marable's injuries.

17.     The Marable suit parties retained experts.  The Marables retained Charles Miller to inspect the truck and its transmission components, and to issue a report including his opinions and findings.  Defendants retained experts Peter Sullivan, John Cunag, and Jack Wentzell to

inspect the mechanical components and provide their opinions regarding the cause and origin of the accident. The Court's scheduling order required that all discovery be conducted according to Louisiana Code of Civil Procedure article 1425 and completed by October 4, 2013, but that deadline was extended by the parties to January 6, 2014.

18.     The experts conducted a joint inspection of the transmission from the Marables' truck in early 2013, which was performed under the guidelines of a testing protocol agreed to by the parties.

19.     On August 23, 2013, counsel for the Marables produced Mr. Miller's initial and supplemental expert reports to Defendants. The Marables produced the initial expert report of Doctors Gorman and Savant to Defendants on September 17, 2013.

20.     Louisiana Code of Civil Procedure article 1425 requires that rebuttal or contradictory expert reports be produced "within thirty [(30)] days after the disclosure made by the other party" and "at least ninety days before the trial date." Defendants failed to produce any rebuttal expert reports before the expiration of the thirty (30) day deadline, and all of the rebuttal expert reports that were submitted were produced after the Court's January 6, 2014 discovery deadline.[1]

21.     The Marables filed Plaintiff's Motion to Strike and/or Exclude Empire Truck Sales of Louisiana, LLC and Curtis Wayne Hudspeth's Experts, and supporting memorandum, on January 24, 2014. The motion was based on Defendants' failure to supplement discovery responses, the untimely production of expert reports on behalf of Empire and Hudspeth, and Defendants' refusal to make those experts available for deposition. The Court set a hearing on

---

[1] The expert report of Larry Stokes was produced on January 9, 2014; the expert report of Julie Stokes was produced on January 9, 2014; the expert report of Jack Wentzell was produced on January 12, 2014; the expert report of Peter Sullivan was produced on January 13, 2014; the expert report of John Cunag was produced on January 13, 2014; and the expert report of Kenneth Boudreaux was produced on January 16, 2014. Some of the reports were unsigned and filed without indicated attachments.

815962

the Motion to Strike for January 28, 2014.  Had a hearing been held, the motion to strike would have been granted.

22.     The Marable suit parties conducted a mediation on January 27, 2014.  Faced with certain exclusion of their experts because of the Defendants' untimely filing of the expert reports, Travelers and St. Paul were forced to settle the litigation for an amount well in excess of the settlement value had the experts been available.

## Representation by Defendants

23.     Travelers and St. Paul incorporate by reference the preceding paragraphs as if fully set forth herein.

24.     In November 2012, the law firm of Blue Williams, LLP, a limited liability partnership registered in the State of Louisiana, was retained by Travelers and St. Paul to represent the interests of Empire, Hudspeth, Travelers, and St. Paul in the Marable suit.  Brian C. Bossier, Robert L. Olivier, Erin H. Boyd, and Tracy C. Rotharmel, attorneys licensed to practice law by the State of Louisiana and employees of Blue Williams, began serving as legal counsel for Empire and Hudspeth in the litigation.  This representation, in the Parish of Jefferson, continued without interruption until January 13, 2014.

25.     Defendants' retention by Travelers and St. Paul was governed by a Retention and Billing Policy for Outside Counsel ("Retention Agreement"), previously agreed to and executed by Defendant Bossier on behalf of Defendants.

26.     Travelers and St. Paul maintained an attorney-client relationship with Defendants at all times.

27.     On August 23, 2013, the Marables' counsel produced the Miller initial and supplemental expert reports to Defendants.  On September 17, 2013, the Marables' counsel

815962

produced the initial expert report of Doctors Gorman and Savant to Defendants.  Defendants received, reviewed, and filed these reports at or about the time of receipt.

28.     Defendants failed to produce rebuttal expert reports as required under Louisiana Code of Civil Procedure article 1425, and failed to produce any reports prior to the January 6, 2014 discovery deadline.

29.     On December 12, 2013, Defendants advised Travelers and St. Paul that the Marables had not produced any expert reports prior to that date despite having received the reports months earlier.  Defendants did not disclose their failure to submit rebuttal expert reports.

30.     On January 13, 2014, Defendants issued a pre-trial report to Travelers and St. Paul.  This report significantly increased the estimated settlement value of the case while failing to disclose that Defendants had failed to make timely production of the expert reports, that Defendants had produced the reports after the discovery deadline (two reports were served on the date of the report), that one report (Boudreaux) remained unproduced, or otherwise disclose that the experts were subject to exclusion even though Defendants knew that this was the case. Based on the drastic increase in the proposed settlement amount, Defendants were replaced as counsel for Empire and Hudspeth on January 13, 2014.

31.     Replacement counsel for Empire and Hudspeth provided representation and legal analysis from January 14, 2014, through the parties' settlement on January 27, 2014.

<u>**COUNT I.**</u>

<u>**Defendants committed legal malpractice by failing to timely submit rebuttal expert reports on behalf of Empire and Hudspeth**</u>

32.     Travelers and St. Paul incorporate by reference the preceding paragraphs as if fully set forth herein.

815962

33.     After the Marable expert reports were submitted to Defendants, Defendants failed to timely submit rebuttal expert reports.  After this failure, Defendants failed to take any steps to correct the error or even submit late reports prior to the January 6, 2014 discovery deadline. Further, Defendants failed to advise Travelers and St. Paul immediately of the missed deadline so that they could, through other counsel if necessary, take steps to make sure that at least late reports were submitted prior to the discovery deadline.  Defendants committed this legal malpractice even though they knew or should have known that failure to file timely expert reports or any reports prior to the discovery deadline would prove fatal to the defense of the Marable suit.

34.     Defendants' negligent failure to timely file rebuttal expert reports and to properly disclose their failures occurred while they were employed by Travelers and St. Paul to represent their insureds, Empire and Hudspeth.

35.     As a proximate result of Defendants' failure to timely submit rebuttal reports, Travelers and St. Paul were forced to settle the Marable suit for amounts in drastic excess of any amount identified by their experts.  But for the negligent acts and omissions of the Defendants as described herein, Travelers and St. Paul would have resolved the Marable suit without any liability, or at worst, by paying a relatively small amount in settlement.

36.     In failing to attempt to remedy the failure to timely submit rebuttal expert reports until after the close of discovery, and in failing to inform Empire, Hudspeth, Travelers, and St. Paul of the issue, Defendants materially failed to exercise the degree of care, skill and diligence exercised by prudent attorneys practicing in their locality.

815962

37.     In addition to the untimely filing of the experts' reports, additional negligent acts and omissions by the Defendants in January 2014 resulted in other grounds for the exclusion of the Empire and Hudspeth expert reports.

38.     Bossier, Olivier, Boyd, and Rotharmel's acts and omissions described herein occurred while they were acting in the course and scope of their employment with Blue Williams, and in furtherance of the business interests of Blue Williams.  As such, Blue Williams is vicariously liable for any and all damages suffered by Travelers and St. Paul as a proximate result of Bossier, Olivier, Boyd, and Rotharmel's negligent conduct.

## COUNT II.

### Defendants breached the contract entered into by Blue Williams and Travelers and St. Paul

39.     Travelers and St. Paul incorporate by reference the preceding paragraphs as if fully set forth herein.

40.     The Retention Agreement entered into between Blue Williams and Travelers and St. Paul governed all retention appointments made by Travelers and St. Paul to the Blue Williams firm.  Blue Williams, and Defendants as attorney employees of Blue Williams, agreed to conduct their representation of Travelers and St. Paul consistent with the Retention Agreement.

41.     As described herein, Defendants' negligent acts and omissions in the representation of Empire, Hudspeth, Travelers and St. Paul in the Marable suit failed to conform to the obligations set forth and agreed to in the Retention Agreement resulting in breach of the Retention Agreement.   In addition, Defendants' acts and omissions breached Sections 5. CONFLICTS OF INTEREST; 10. RETENTION OF OTHER PROFESSIONAL SERVICES; 12. WORK PRODUCT; 13. CONSTANT COMMUNICATION IN LITIGATION; and the

9

815962

general conflict provision outlined in the Retention Agreement's corresponding engagement letter.

42.     As a proximate result of Defendants' breach of the Retention Agreement, Travelers and St. Paul were forced to settle the Marable suit for amounts in drastic excess of any amount identified by their experts.  But for Defendants acts breaching the Retention Agreement as described herein, Travelers and St. Paul would have resolved the Marable suit without any liability, or at worst, by paying a relatively small amount in settlement.

43.     In addition to Blue Williams being a party to the Retention Agreement, Bossier, Olivier, Boyd, and Rotharmel's breach of the contract with Travelers and St. Paul as described herein occurred while they were acting in the course and scope of their employment with Blue Williams, and in furtherance of the business interests of Blue Williams.  As such, Blue Williams is vicariously liable for any and all damages suffered by Travelers and St. Paul as a proximate result of Bossier, Olivier, Boyd, and Rotharmel's breach of the Retention Agreement.

<u>**DAMAGES**</u>

44.     Travelers and St. Paul incorporate by reference the preceding paragraphs as if fully set forth herein.

45.     As a proximate result of Defendants' negligent acts, omissions and breaches as described herein, Travelers and St. Paul are entitled to all such damages as are reasonable in the premises, including interest, fees and costs.

46.     Because Bossier, Olivier, Boyd, and Rotharmel's wrongful conduct occurred while they were acting in the course and scope of their employment with Blue Williams, and in furtherance of the business interests of Blue Williams, Blue Williams is vicariously liable for any

10

815962

and all damages suffered by Travelers and St. Paul as a proximate result of Bossier, Olivier, Boyd, and Rotharmel's negligent conduct.

47.     Plaintiffs are entitled to and hereby demand trial by jury with regard to all claims asserted in this Complaint.

**WHEREFORE, PREMISES CONSIDERED,** Travelers and St. Paul respectfully request this Court enter judgment against Defendants as follows:

    a.   Enter an Order finding that Defendants committed legal malpractice in their representation of Travelers and St. Paul in the Marable litigation;

    b.   Enter an Order finding that Defendants breached the Retention Agreement entered into between Defendants and Travelers and St. Paul;

    c.   Enter an Order awarding Travelers and St. Paul actual and compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, and reasonable attorneys' fees  assessed against Defendants;

    d.   Enter an Order awarding Travelers and St. Paul such other relief as may be appropriate under the law and circumstances.


Respectfully submitted, this the 22nd of September, 2014.

                  **TRAVELERS PROPERTY CASUALTY**
                  **COMPANY OF AMERICA AND**
                  **ST. PAUL FIRE & MARINE INSURANCE**
                  **COMPANY**


                  **BY:**   **/s/ Brenton W. Cole**
                              **Brenton W. Cole**

815962

**OF COUNSEL:**
Brenton W. Cole, Esq., LA Bar #34907
bcole@cwplaw.com
**CARROLL WARREN & PARKER PLLC**
188 East Capitol Street, Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone:      (601) 592-1010
Facsimile:      (601) 592-6060

815962